1  **TAYLOR SETHI LACHOWICZ** LLP
   Rahul Sethi (SBN 238405)
2  Matthew D. Taylor (SBN 220032)
3  Nikolai Lachowicz (SBN 201362)
   333 S. Hope Street, Suite 2620
4  Los Angeles, California 90071
   Telephone: (213) 995-5400
5  Facsimile: (213) 995-5414

6
   [Proposed] Special Litigation Counsel
7  for Plaintiff Alfred H. Siegel, Chapter 7 Trustee

8
                    UNITED STATES BANKRUPTCY COURT
9
           CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION
10

11

| | |
|---|---|
| In re | Case No. 2:09-bk-19846-VZ |
| KARAWIA INDUSTRIES, INC., a California corporation, et al., | Adv No.: |
| | Chapter 7 |
| | Jointly administered With Case Nos.: |
| Debtor. | Case No. 2:09-bk-19847-VZ |
| | Case No. 2:09-bk-19848-VZ |
| | Case No. 2:09-bk-19849-VZ |
| ALFRED H. SIEGEL, Chapter 7 Trustee, | Case No. 2:09-bk-19850-VZ |
| Plaintiff, | Case No. 2:09-bk-19851-VZ |
| vs. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §§ 544, 548 AND 550** |
| OUSAMA KARAWIA, an individual, and DOES 1 through 10, inclusive; | |
| Defendants. | |

- 1 -

COMPLAINT

For his Complaint for Avoidance and Recovery of Fraudulent Conveyances Pursuant to 11 U.S.C. §§ 544, 548 and 550, Alfred H. Siegel, the duly appointed, qualified and acting Chapter 7 Trustee for the estates of the jointly administered debtors Karawia Industries, Inc., International Protective Services, Inc., U.S. Resource Services, Inc., U.S. Resource Facility Services, Inc., International Armored Solutions, Inc. and Dekar Industries, Inc. (collectively, the "Debtors"), alleges as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), and (H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Plaintiff Alfred H. Siegel is the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estates of the jointly administered debtors Karawia Industries, Inc., International Protective Services, Inc., U.S. Resource Services, Inc., U.S. Resource Facility Services, Inc., International Armored Solutions, Inc. and Dekar Industries, Inc. (collectively, the "Estate") created in the instant bankruptcy case pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California which is styled In re Karawia Industries, Inc., bearing Case No. 2:09-bk-19846-VZ (the "Bankruptcy Case").

3. International Protective Services, Inc. ("IPS"), Karawia Industries, Inc. ("KII"), U.S. Resource Services, Inc. ("CSI"), U.S. Resource Facility Services, Inc. ("TRC"), International Armored Solutions, Inc. ("IAS"), and Dekar Industries, Inc. ("Dekar") (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on April 27, 2009 (the "Petition Date").

4. Plaintiff is informed and believes and, on that basis alleges, that defendant Ousama Karawia ("Karawia") is an individual and resident of Los Angeles County, California.

5. Plaintiff is ignorant of the true names or capacities of the defendants sued herein as DOES 1 through 10 and will amend the complaint once their true names and capacities are ascertained.

### FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a) and 3439.07)**

6. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 5 as though set forth in full.

7. Plaintiff is informed and believes and, on that basis alleges thereon, that during the four (4) year period preceding the Petition Date, the Debtors made transfers of their property, including money, to or for the benefit of defendant Karawia totaling no less than $971,000. At this time, the Trustee lacks sufficient information to specify the total amount of money and other property that comprise the fraudulent transfers (the "4 Year Transfers"). The Trustee will seek leave to amend this Complaint when he has additional information concerning the money and other property that the Debtor transferred to or for the benefit of Karawia.

8. The 4 Year Transfers were made by the Debtors to or for the benefit of the Karawia who did not provide the Debtor with reasonably equivalent value and/or did not take such transfers in good faith.

9. At all relevant times, the 4 Year Transfers were voidable under California Civil Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtors that were and are allowable against their Estate under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, those creditors who are listed in the Debtors' schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

10. The Trustee is entitled to an order and judgment under 11 U.S.C. §§ 544(b) and 550(a) that the 4 Year Transfers are avoided.

- 3 -

COMPLAINT

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(b) or 3439.05 and California Civil Code § 3439.07)**

11. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10 as though set forth in full.

12. Plaintiff is informed and believes and, on that basis alleges, that by virtue of the 4 Year Transfers: (i) the Debtors were insolvent or became insolvent as a result of each such transfer; (ii) the Debtors were engaged in or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction; or (iii) the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

13. At all relevant times, the 4 Year Transfers were voidable under California Civil Code §§ 3439.04(b) or 3439.05 and California Civil Code § 3439.07 by one or more creditors who held and hold unsecured claims against the Debtors that were and are allowable against the Estate under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, those creditors who are listed in the Debtors' schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

14. The Trustee is entitled to an order and judgment under 11 U.S.C. §§ 544(b) and 550(a) that the 4 Year Transfers are avoided.

## THIRD CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though set forth in full.

- 4 -

16. Plaintiff is informed and believes and, on that basis alleges thereon, that during the two (2) year period preceding the Petition Date, the Debtors made transfers of their property, including money, to or for the benefit of defendant Karawia totaling no less than $971,000. At this time, the Trustee lacks sufficient information to specify the total amount of money and other property that comprise the Fraudulent Transfers (the "2 Year Transfers"). The Trustee will seek leave to amend this Complaint when he has additional information concerning the money and other property that the Debtor transferred to or for the benefit of the Defendant.

17. The 2 Year Transfers were made by the Debtors with the actual intent to hinder, delay or defraud their creditors.

18. The 2 Year Transfers were made by the Debtors to or for the benefit of defendant Karawia who did not provide the Debtor with reasonably equivalent value and/or did not take such transfers in good faith.

19. The Trustee is entitled to an order and judgment under 11 U.S.C. §§ 544(b) and 550(a) that the 2 Year Transfers are avoided.

### FOURTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers**

**Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

20. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 as though set forth in full.

21. Plaintiff is informed and believes and, on that basis alleges thereon, that by virtue of the 2 Year Transfers: (i) the Debtors were insolvent or became insolvent as a result of each such transfer; (ii) the Debtors were engaged in or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction; or (iii) the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

## FIFTH CLAIM FOR RELIEF

### (Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a))

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

23. Plaintiff is informed and believes and, on that basis alleges thereon, that to the extent the defendant Karawai is not the initial transferee of the fraudulent transfers referred to in this Complaint, he is the immediate or mediate transferee of the initial transferee of such transfers.

24. Plaintiff is informed and believes and, on that basis alleges thereon, that to the extent that defendant Karawia is the immediate or mediate transferee of the initial transferee of the fraudulent transfers referred to in this Complaint, said Defendant did not take such transfers for value and/or in good faith and/or without knowledge of the voidability of such transfers.

25. Each of the transfers referred to in this Complaint is recoverable from defendant Karawia as an immediate or mediate transferee of the fraudulent transfers that the Debtors made with the actual intent to hinder, delay or defraud their creditors, including, without limitation, those creditors who are listed in the Debtors' schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

### On the First Claim for Relief:

1. For a judgment that the 4 Year Transfers are avoided under 11 U.S.C. §§ 544(b) and 550(a);

### On the Second Claim for Relief:

2. For a judgment that the 4 Year Transfers are avoided under 11 U.S.C. §§ 544(b) and 550(a);

### On the Third Claim for Relief:

3.    For a judgment that the 1 Year Transfers are avoided under 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

**On the Fourth Claim for Relief:**

4.    For a judgment that the 1 Year Transfers are avoided under 11 U.S.C. §§ 548(a)(1)(B) and 550(a);

**On the Fifth Claim for Relief:**

5.    For a judgment that the fraudulent transfers are recoverable under 11 U.S.C. § 550(a);

**On All Claims for Relief:**

6.    For interest as permitted by law from the date of the transfers;

7.    For costs of suit incurred herein, including, without limitation, attorneys' fees.

Dated: April 26, 2011

**TAYLOR SETHI LACHOWICZ LLP**

By _____
Matthew D. Taylor
[Proposed] Special Litigation Counsel
for Plaintiff Alfred H. Siegel, Chapter 7 Trustee

COMPLAINT